Hyman ZOSLOW and Edith Zoslow,
Appellants,

v.

Jerome S. MURRAY, Appellee.

No. 15108.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1960.

Decided Feb. 4, 1960.

Mr. Herman Miller, Washington, D. C., for appellants.

Mr. H. Max Ammerman, Washington, D. C., with whom Mr. Frederick W. Grey Leslie, Washington, D. C., was on the brief, for appellee.

Mr. Denis K. Lane, Washington, D. C., entered an appearance for appellee.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants (plaintiffs) filed this action for injunction and for damages for trespass to their realty.

The first issue raised by appellants is that the trial court erred in holding appellee has an easement by grant of ingress and egress over two adjoining lots owned by appellants, because such easement was never created as found by the court and, at any rate, was blocked for over fifty-five years.

We believe there was adequate evidence in the record to justify the finding of the trial court that appellee possesses an easement of ingress and egress over appellants' lots, and that the use of such easement by appellee and his predecessors in title, although infrequently exercised, was nevertheless sufficient to negate abandonment.

After an extensive hearing, the trial court, sitting without a jury, made specific findings of fact holding that appellants were entitled to damages for trespass in the sum of $2,375 in respect of certain activities not within the scope of the easement, including structural damage to appellants' building by reason of appellee's construction work, against which sum the court allowed an offset of $600 for damages incident to the issuance of a preliminary injunction, which was, after final hearing, dissolved. The court then ordered a money judgment in favor of appellants against appellee in the sum of $1,775. We are unable to say that the record as a whole does not support the findings of the trial court.

It follows from the foregoing that the judgment of the District Court must be and is

Affirmed.